JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-06596-MCS-MAR | Date | October 15, 2021 |
| Title | Lawrence v. Moi | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER GRANTING MOTION TO REMAND (ECF NO. 15) AND DENYING OTHER MOTIONS (ECF NOS. 13, 18) (JS-6)

Plaintiffs Philip Lawrence and Philmar Studios, Inc. (collectively, "Lawrence") move to remand this action to the Los Angeles County Superior Court. (Mot., ECF No. 15.) Defendants Patrizio Moi, Moi Productions, Inc., and The Record Plant, Inc. (collectively, "Moi") filed an opposition brief, and Lawrence filed a reply. (Opp'n, ECF No. 20; Reply, ECF No. 24.)

Moi moves to dismiss Lawrence's complaint and to consolidate this action with another action between the same parties, *Moi v. Lawrence*, No. 2:21-cv-07022-MCS-MAR. (Mot. to Dismiss, ECF No. 13; Mot. to Consolidate, ECF No. 18.) Lawrence opposes both motions, and Moi filed replies. (Mot. to Dismiss Opp'n, ECF No. 19; Mot. to Consolidate Opp'n, ECF No. 21; Mot. to Dismiss Reply, ECF No. 23; Mot. to Consolidate Reply, ECF No. 22.)

The Court deems the motions appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

## I. BACKGROUND

Lawrence alleges Moi fraudulently induced him to sign an agreement that purported to transfer the ownership of a business and its intellectual property from Lawrence to Moi. Lawrence asserts ten claims: (1) intentional misrepresentation; (2) false promise; (3) fraudulent inducement; (4) violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200; (5) conversion; (6) trademark infringement; (7) unjust enrichment; (8) intentional interference with contractual relations; (9) rescission; and (10) declaratory relief. (*See generally* Compl., ECF No. 1-1.)

Lawrence initiated the action in the Los Angeles County Superior Court, No. 21STCV27084. Moi removed the action to this Court on the basis that the Court has federal-question jurisdiction over the trademark claim. (Notice of Removal ¶ 4, ECF No. 1.) Weeks later, Moi initiated the parallel action in this Court. Compl., *Moi v. Lawrence*, No. 2:21-cv-07022-MCS-MAR, ECF No. 1.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove an action to federal court if the federal court could exercise original jurisdiction over the action. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a).

There is a "strong presumption" against removal jurisdiction, and the removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* If a defendant fails to meet its burden to establish subject-matter jurisdiction, the suit is remanded. 28 U.S.C. § 1447(c).

## III. DISCUSSION

Lawrence argues that his cause of action for trademark infringement does not present a federal claim. (Mot. 7–10.) Moi responds that Lawrence's reference to the

federal registration number of the trademark at issue transmogrifies Lawrence's claim into a federal claim under the Lanham Act. (Opp'n 3–6.)

In evaluating federal-question jurisdiction, federal courts follow "the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Following this rule, a claim invokes the federal Lanham Act when the "well-pleaded complaint establishes either that [1] federal [trademark] law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal [trademark] law, in that [federal trademark] law is a necessary element of one of the well-pleaded claims." *Duncan v. Stuetzle*, 76 F.3d 1480, 1486 (9th Cir. 1996) (alterations in original) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808–09 (1988)).

Moi fails to establish that the trademark claim meets either prong of the *Christianson* test. At best, the Complaint is ambiguous as to whether Lawrence's claim arises from federal or state law. The Complaint does not expressly invoke federal law, and nothing in the trademark claim is unique to claims brought under the Lanham Act. The Court declines to infer a federal claim here, where alternative theories under California law are equally, if not more readily, inferable. *See Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996) ("When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim."). It is not "clear from the face" of the Complaint that the trademark claim arises from federal law. *Duncan*, 76 F.3d at 1485.

The only line in the Complaint touching upon federal law in any sense is Lawrence's identification of the federal registration number of the mark at issue. (*See* Compl. ¶ 102.) Lawrence's mere reference to the federal registration number does not transform his claim into a federal one. *See, e.g.*, *Postal Instant Press v. Clark*, 741 F.2d 256, 257 (9th Cir. 1984) ("[T]he mere existence of the protected trade name and attendant symbol herein does not provide a basis for federal jurisdiction."); *Del Rio v. Oberfeld*, No. 2:13-CV-3870-SVW-AJWx, 2013 U.S. Dist. LEXIS 202958, at *11 (C.D. Cal. July 18, 2013) ("Claims for common law trademark infringement do not require federal registration of a trademark;

'[r]egistration under the Lanham Act has no effect on the registrant's rights under the common law.'" (alteration in original) (quoting *Dep't of Parks & Rec. v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1125 (9th Cir. 2006))); *Signorelli, Inc. v. OmniPeace, Inc.*, No. CV 10-6736 PA (CWx), 2010 U.S. Dist. LEXIS 105636, at *7–8 (C.D. Cal. Sept. 17, 2010) (collecting cases for the proposition that an allegation that a trademark is "a federal mark protected under the Lanham Act," "in itself, does not establish that Plaintiff's claims somehow require resolution of a federal trademark question" (internal quotation marks omitted)).

Moi fails to show that federal trademark law creates Lawrence's claim or that adjudicating the claim would require resolution of a substantial question of federal trademark law. The Court lacks original jurisdiction over the matter. For this reason, the Court denies Moi's motion to dismiss and motion to consolidate. Remand is appropriate. 28 U.S.C. § 1447(c).

## IV. CONCLUSION

The Court grants the motion to remand and denies the motion to dismiss and motion to consolidate. The Court remands this action to the Los Angeles County Superior Court, No. 21STCV27084. The Court directs the Clerk to close the case.

**IT IS SO ORDERED.**